21 MAG 8604

Approved: _____
KEVIN MEAD
Assistant United States Attorney

Before:   THE HONORABLE DEBRA FREEMAN
          United States Magistrate Judge
          Southern District of New York

- - - - - - - - - - - - - - - - - X
                                  :
UNITED STATES OF AMERICA          :    SEALED COMPLAINT
                                  :
  - v. -                          :    Violations of
                                  :    18 U.S.C. §§ 1621
                                  :    and 2
ROVIER CARRINGTON,                :
                                  :
                                  :
                                  :    COUNTY OF OFFENSE:
                                  :    NEW YORK
              Defendant.          :
                                  :
- - - - - - - - - - - - - - - - - X

SOUTHERN DISTRICT OF NEW YORK, ss.:

       YVES HUNZIKER, being duly sworn, deposes and says that he is a Special Agent with the United States Attorney's Office for the Southern District of New York ("USAO-SDNY") and charges as follows:

### COUNT ONE
(Perjury)

       1.   From at least in or about June 2018 up to and including at least in or about July 2018, ROVIER CARRINGTON, the defendant, in a declaration, certificate, verification, or statement under penalty of perjury as permitted under section 1746 of Title 28, United States Code, willfully subscribed as true a material matter which he did not believe to be true.

       (Title 18, United States Code, Sections 1621(2) and 2.)

       The bases for my knowledge and for the foregoing charge are, in part, as follows:

2. I am a Special Agent with the USAO-SDNY. I have been personally involved in the investigation of this matter, and I base this affidavit on that experience, on my conversations with other law enforcement officials, and on my examination of various reports and records. Because this affidavit is being submitted for the limited purpose of demonstrating probable cause, it does not include all the facts I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

### Overview

3. ROVIER CARRINGTON, the defendant, filed a civil lawsuit in Carrington v. Graden et al., 18-CV-4609 (KPF) (SDNY) (the "Civil Case"). CARRINGTON's lawsuit asserted, among other things, that two Hollywood executives ("Executive-1" and "Executive-2") sexually assaulted CARRINGTON. As part of an amended complaint in that case, CARRINGTON included as exhibits ten fraudulently altered email chains. In some instances, CARRINGTON invented the email exchanges entirely. In other instances, CARRINGTON altered existing email exchanges. CARRINGTON then swore under penalty of perjury that he had not fraudulently altered or fabricated those email chains.

### The Amended Complaint and the False Statement

4. I know the following from my review of the docket in the Civil Case:

   a. On or about June 18, 2018, counsel for ROVIER CARRINGTON, the defendant, filed an amended complaint (the "Amended Complaint") that alleged 12 causes of action against seven defendants (the "Civil Defendants").

   b. The Amended Complaint asserted, *inter alia*, that both Executive-1 and Executive-2 had sexually assaulted CARRINGTON. Executive-2 was named as a defendant, and Executive-1's estate was named as a defendant.

   c. Among the 12 causes of action in the Amended Complaint was a claim for rape against Executive-1 and Executive-2. The Amended Complaint also asserted various causes of action sounding in fraud or breach of contract arising from the Civil Defendant's alleged failure to produce CARRINGTON's reality television program.

        d.    The Amended Complaint sought damages of $50 million.

        e.    The Amended Complaint attached 10 email chains as exhibits (collectively, the "Email Exhibits"):

           i.    As Exhibit 2,[1] an email chain from October 2010 between an email account belonging to CARRINGTON ("Carrington Account-1") and an email account belonging to another individual ("Counterparty Account-1") (the "Exhibit-2 Chain").

           ii.    As Exhibit 3, an email chain from January 2011 between Carrington Account-1 and Counterparty Account-1 (the "Exhibit-3 Chain"). The Exhibit-3 Chain included the following exchange:

| | |
|---|---|
| **CARRINGTON:** | My mind is scrambled after last night. I can't remove "Our Jewish bodies" and "Call me [Executive-1]" from repeating in my head. I can't properly sit down after being viciously assaulted yet again by that twosided shit [Executive-1]. This was too far. Too damn far. I have cuts on my face and thighs from him forcing himself into me. That bastard can't take NO for an answer and he remains using his title to force himself onto me. |
| **Counterparty Account-1:** | You like working don't you ? [Executive-1] picked you. Keep it that way. Don't upset him. |
| **CARRINGTON:** | Excuse me ? First [third-party] now you ? I've been through a lot. I fired my cast to please your needs, I rewrote my series to please [Executive-1] and for what ? No one is respecting me. I bring investors into the studio for every project, but my own. [Third party] laughed in my face when I mentioned [Executive-1] raped me. This is the second time and now you're saying because I like working with [Exeutive-1's company] this goes with the job ? I have no other cards. I excused all my other offers for you guys. |

---

[1] Exhibit 1 to the Amended Complaint was not an email chain.

**Counterparty Account-1:**   Don't mention this any further!

       iii.    As Exhibit 4, an email chain from February 2011 between Carrington Account-1 and Counterparty Account-1 (the "Exhibit-4 Chain").

       iv.    As Exhibit 5, an email chain from April 2011 between Carrington Account-1 and Counterparty Account-1 (the "Exhibit-5 Chain"). The Exhibit-5 Chain included the following exchange:

**CARRINGTON:**   I need your help. I'm not built for this. [third party] has threaten me and [Executive-1] thinks I'm supposed to constantly sleep with him for my projects. I was promised my series and reality show would make the studio a lot of money. [Third party] is a piece of shit and a pimp. I'm not a whore. After this Harvey [Weinstein] bullshit. I'm done.

**Counterparty Account-1:**   Trend my man. You have to obey [third party] if you plan on continuing. [Executive-1] has ruined your chances after that Harvey [Weinstein] shit. I understand screwing these Hollywood fucks is tough but it's that Hollywood shit man.

       v.    As Exhibit 6, an email chain from June 2011 between Carrington Account-1 and Counterparty Account-1 (the "Exhibit-6 Chain"). The Exhibit-6 Chain included the following exchange:

**CARRINGTON:**   I'm consirdered [sic] the enemy now, given all the phone calls I've received from several HR people at [Executive-1's company]. What will not occur is me signing a form that basically states nothing morally disturbing was endured. Also, If [third party] thinks he can mute me like the others with an envelope filled with cash driving by his personal driver, he's sadly mistaken. I get assaulted two-days ago at the "Super 8" premiere by [Executive-1] who's been stalking me prior to this. Did [Executive-1] tell you he shows up at my place begging for me to be his private Boyfriend ? and say's, "If I cared about my career I'd

4

|  |  |
|---|---|
|  | obey" ? He threaten my career becuase [sic] I want to work and not fly private with him or attend art museums when his trophy isn't there. This dude is newly married and doesn't comprehend he forces himself onto me. [Executive-1] clearly knows he's crossed the line after spitting in my face and grabbing my genitals while relaying "I'll never work again". The others in the room saw everything. Fix this [Counterparty-1]! I'm not signing anything or taking this shit after being sexually abused by [Executive-1] or that other asshole. |
| **Counterparty Account-1:** | Trend! Blacklisting is real. I told you not to upset these Hollywood fucks |

vi. As Exhibit 7, an email chain from July 2014 between Carrington Account-1 and an email account belonging to another individual ("Counterparty Account-2") (the "Exhibit-7 Chain").

vii. As Exhibit 8, an email chain from May 2015 between an email account belonging to CARRINGTON ("Carrington Account-2") and an email account belonging to Executive-2 ("Executive-2 Account") (the "Exhibit-8 Chain"). The Exhibit-8 Chain included the following exchange:

|  |  |
|---|---|
| **CARRINGTON:** | Thank you for reviewing my reality concept. I have so many ideas like a bisexual love interest and I could seek a third whose fully gay, but pick only one during the finale. Major right ? Hopefully that doesn't take away from the public's interest in my dramatic series, which I'll send you. I'll discuss with [third party] and [third party] for the press. Omg, we could totally pitch to [Executive-2's company] due to you convincing [third party] to release me I just request you protect me from him and [Executive-1] who ruined my [third party company] deal. I must mention, I pondered if you had me eradicate my business relationship with [third party] just so you could own me and not really produce my shows... You totally request sex before business so just thoughts. |

5

**Executive-2:**     Babe, all I can think about is pounding you like I did when you were a boy. Daddy owns you. My boy... :)

   viii.   As Exhibit 9, an email chain from August 2015 between Carrington Account-2 and Executive-2 Account (the "Exhibit-9 Chain").

   ix.   As Exhibit 10, an email chain from August 2017 between an email account belonging to CARRINGTON ("Carrington Account-3") and an email account belonging to Executive-2 Account (the "Exhibit-10 Chain").

   x.   As Exhibit 11, an email chain from October 2017 between Carrington Account-3 and an email account belonging to another individual ("Counterparty Account-3") (the "Exhibit-11 Chain").

   f.   On or about July 12, 2018, CARRINGTON and the Civil Defendants filed a joint status letter in the Civil Case. Attached to the joint status letter was a signed and notarized affidavit by CARRINGTON dated June 21, 2018 stating the following and attaching the Email Exhibits (the "Carrington Affidavit"):

   I, ROVIER CARRINGTON, being duly sworn, deposes and says the following under penalties of perjury and criminal sanction.

   1.   I have personal knowledge of the matters set forth below, and the exhibits annexed hereto are true copies of the original documents.

   2.   Annexed hereto, and to Plaintiff's Amended Complaint as Exhibit(s) Two through Eleven, are a series of emails I received, or exchanged, from third parties to my lawsuit, or from Defendant [name omitted], over the course of the past eight years.

   3.   Each and every email annexed to my Amended Complaint, and hereto, are forwarded copies of the original email I received, or exchanged, in the exact same condition, upon which the email was received, or exchanged.

6

        4.    I have not doctored, fabricated, or altered, any of the emails annexed to my Amended Complaint, and hereto.

        5.    I have not doctored, fabricated, or altered, any of the content contained in any of the emails annexed to my Amended Complaint, and hereto.

    g.    On or about May 20, 2019, CARRINGTON submitted a <u>pro se</u> letter in the Civil Case in which he stated that "[t]he emails are authentic" and again attached a copy of the Carrington Affidavit.

**Investigation by the District Court and the Civil Defendants**

    5.    I know the following regarding litigation regarding the authenticity of the Email Exhibits from my review of the docket in the Civil Case:

        a.    On or about July 12, 2018, the owner of Counterparty Account-3 submitted an affidavit in the Civil Case attesting that the versions of the emails in the Exhibit-11 Chain had been significantly altered, and attaching a correct version of the email chain.

        b.    On or about July 12, 2018, a forensic examiner submitted an affidavit stating that:

            i.    He had examined the Exhibit-9 Chain, the Exhibit-10 Chain, and the Exhibit-11 Chain.

            ii.    He had examined the contents of Executive-2 Account and Counterparty Account-3 with the permission of their owners.

            iii.    He had identified original versions of those three email chains in Executive-2 Account and Counterparty Account-3, and the versions attached to the Amended Complaint had been altered from those originals.

        c.    On or about August 7, 2018, the Court in the Civil Case issued an order directing the parties in the Civil Case to preserve all relevant evidence and to produce discovery regarding whether the Email Exhibits were authentic.

7

   d.   The Court in the Civil Case held a motion for terminating sanctions on or about October 11, 2019, where the following occurred:

      i.   The Court noted that records from the service provider of Carrington Account-1 reflect that ROVIER CARRINGTON, the defendant, deleted the contents of Carrington Account-1 on or about June 19, 2018, the day after CARRINGTON filed the Amended Complaint.[2]

      ii.   The Court noted that records from the service provider of Carrington Account-3 reflect that CARRINGTON deleted the contents of Carrington Account-3 on or about September 8, 2018, one month after the Court had issued a preservation order.[3]

      iii.   The Court ultimately dismissed the Amended Complaint with prejudice and imposed costs, concluding:

> whether I had this as a preponderance or a clear and convincing, I have to find, I do find, that these emails were fabricated, and that was bad enough, but the deactivation of the accounts, the efforts undertaken to really foreclose what is necessary discovery in this case, and the stream of lies to me, necessitate the sanctions that I am imposing.

**Analysis by the E-Discovery Vendor**

   6.   Based on my review of the docket in the Civil Case and documents received from an e-discovery vendor (the "E-Discovery Vendor"), I have learned the following:

   a.   On or about February 13, 2019, the Court in the Civil Case issued an order, including the following:

      i.   The order directed ROVIER CARRINGTON, the defendant, to consent to allowing the service providers of Carrington Account-1, Carrington Account-2, and Carrington

---

[2] I have confirmed this fact from my review of the contents of a search warrant return from the service provider of Carrington Account-1.

[3] I have confirmed this fact from my review of the contents of a search warrant return from the service provider of Carrington Account-3.

Account-3 to produce the contents of those accounts to the E-Discovery Vendor, a neutral e-discovery vendor.

   ii.   The order also directed CARRINGTON to produce his cellphone (the "Carrington Cellphone") to the E-Discovery Vendor so that it could be imaged.

   iii.   The order directed the E-Discovery Vendor to search the Carrington Cellphone and the contents of Carrington Account-1, Carrington Account-2, and Carrington Account-3 for evidence of the Email Exhibits.

   b.   I have reviewed reports produced by the E-Discovery Vendor analyzing the contents of the Carrington Cellphone, Carrington Account-1, Carrington Account-2, and Carrington Account-3. Those reports concluded that originals of the full threads of any of the Email Exhibits could not be located.

**Email Search Warrant**

   7.   I know the following from my review of search warrant returns for Executive-2 Account, Counterparty Account-3, and Carrington Account-2:[4]

   a.   The versions of the Email Exhibits that ROVIER CARRINGTON, the defendant, attached to the Amended Complaint do not exist in any of the searched email accounts.

   b.   The Exhibit-8 Chain, quoted above, did not exist in any form in the email accounts of either Executive-2 Account or Carrington Account-2. Based on the facts described above and my training and experience, I believe that CARRINGTON fabricated the Exhibit-8 Chain entirely.

   c.   I located a version of the Exhibit-9 Chain in my review of the search warrant returns, but the version of the email chain that I reviewed differs from the version attached to

---

[4] No search warrant was obtained for Counterparty Account-2 because it is my understanding that email service for that account was not provided by a commercial email provider. A search warrant was obtained for Carrington Account-1 and Carrington Account-3, but, as described above, those accounts were deleted. Further, a search warrant was obtained for Counterparty Account-1, but the service provider of Counterparty Account-1 stated that no emails remained for that account from the relevant time period.

the Amended Complaint. Below is a comparison of the Exhibit-9 Chain submitted in the Amended Complaint with the version located in the search warrant returns—additions to the version located in the search warrant return are underlined, and subtractions from the version located in the search warrant return are struck through:

| | |
|---|---|
| **CARRINGTON:** | Hello [Executive-2],<br>Here's the dramatic series I was discussing with you. <u>I appreciate you finally moving forward with both shows. Especially with our contract in place.</u> |
| **Executive-2:** | ~~how many names do you have?.. :)~~<br><br><u>I'll present the material to my business associates and we'll figure out how to combine the reality show with the series. You keep me happy and we'll do well together. :)</u> |

Based on the facts described above and my training and experience, I believe that CARRINGTON modified the version of the Exhibit-9 Chain he submitted to the Court in the way shown above in order to support his sexual assault and breach of contract claims.

       d.  I located a version of the Exhibit-11 Chain in my review of the search warrant returns, but the version of the email chain that I reviewed differs from the version attached to the Amended Complaint. Below is a comparison of the Exhibit-11 Chain submitted in the Amended Complaint with the version located in the search warrant returns—additions to the version located in the search warrant return are underlined:

| | |
|---|---|
| **Counterparty Account-3:** | Hey Rovier,<br>I had a chance to take a look. I enjoyed the vision and the visuals but <u>after speaking with [Executive-2]</u>, I'm focusing on my own projects at the moment.<br>Thanks for thinking of me. |

Based on the facts described above and my training and experience, I believe that CARRINGTON modified the version of the Exhibit-11 Chain he submitted to the Court in the way shown above in order to support his fraud and breach of contract claims.

WHEREFORE, the deponent respectfully requests that warrants issue for the arrest of ROVIER CARRINGTON, the defendant, and that he be arrested and imprisoned, or bailed, as the case may be.

s/Yves Hunziker, by the Court, with permission
_____
YVES HUNZIKER
Special Agent
Southern District of New York

Sworn to me through the transmission
of this Complaint by reliable electronic
means, pursuant to Federal Rules of
Criminal Procedure 41(d)(3) and 4.1, this
2nd day of September, 2021

_____   (by FaceTime)
HONORABLE DEBRA FREEMAN
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK